Filed 8/28/25  P. v. Titus CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>BYRON DEAN TITUS, JR.,<br><br>　　　Defendant and Appellant. | A171828<br><br>(Humboldt County<br>Super. Ct. No. CR2100262) |

## MEMORANDUM OPINION[1]

Byron Titus was convicted of multiple offenses, including attempted murder and aggravated mayhem.  The present appeal is from a November 2024 resentencing order.  Defendant contends that the court's minute order and abstract of judgment must be amended because (1) the superior court clerk failed to record defendant's correct sentence; and (2) the court failed to award conduct credits defendant earned prior to his original sentence.  The People concede both errors and we accept their concession.

---

[1]  We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

1

## I. Defendant's Convictions and Current Sentence

In March 2022, a jury convicted defendant of the following offenses: attempted murder (Pen. Code, §§ 187, subd. (a), 664;[2] count 1); aggravated mayhem (§ 205; count 2); burglary (§ 459; count 3); two counts of assault with a firearm (§ 245, subd. (a)(2); counts 4 & 6); and shooting at an inhabited dwelling (§ 246; count 5). The jury also found true allegations that defendant personally and intentionally discharged a firearm, causing great bodily injury (§ 12022.53, subd. (d); counts 1 & 2), personally used a firearm (§ 12022.5, subd. (a); counts 3 & 4), and caused great bodily injury (§ 12022.7, subd. (a); counts 4 & 5). Additional enhancement allegations were found true by the trial court, for a prior strike conviction (§§ 667, subd. (b)–(i), 1170.12, subd. (c)(1)), and a prior serious felony conviction (§ 667, subd. (a)(1)).

In April 2022, the trial court imposed an aggregate prison sentence of 50 years to life plus 32 years, eight months. In June 2023, this court affirmed defendant's convictions but remanded the matter for resentencing. (*People v. Titus* (June 2, 2023, A164999) [nonpub. opn.].)

Defendant's resentencing hearing was held on November 8, 2024. The court expressed its intention to cure defects in defendant's prior sentence that had been identified by the appellate court, and to adopt all other sentencing decisions previously imposed. Ultimately, the court orally pronounced defendant's sentence as follows:

> ***Attempted murder*** (count 1): 14 years to life; plus 25 years to life for the firearm enhancement. Sentence for count one and the enhancement was stayed pursuant to section 654.
>
> ***Aggravated mayhem*** (count 2): Life in prison with the possibility of parole; plus 25 years to life for the firearm enhancement.

---

[2] Statutory references are to the Penal Code.

*Burglary* (count 3):  Two years, eight months; plus one year, four months for the firearm enhancement.  Both terms to run consecutively to count 2.

*Assault with a firearm* (count 4):  Six years; plus four years for the firearm enhancement.  Both terms to run concurrently with count 2.  A three year term for the great bodily injury enhancement was stayed pursuant to section 654.

*Shooting at an inhabited dwelling* (count 5):  Three years, four months; plus one year for the great bodily injury enhancement.  Both terms to run consecutively to count 2.

*Assault with a firearm* (count 6):  Two years, to run consecutively to count two.

*Prior serious felony conviction* (§ 667, subd. (a) enhancement): Five years, to run consecutively to count two.

At the resentencing hearing, the court also updated defendant's custody credits, and awarded him 1,384 days for actual time served.  It imposed fines and fees as recommended by probation, and gave multiple advisements before concluding the hearing.

## II.  Clerical Errors in Recorded Sentence

"In a criminal case, it is *the oral pronouncement of sentence* that constitutes the judgment.  [Citation.]  To the extent a minute order diverges from the sentencing proceedings it purports to memorialize, it is presumed to be the product of clerical error.  [Citation.]  Likewise, the abstract of judgment ' "cannot add to or modify the judgment which it purports to digest or summarize." '  [Citations.]  As with other clerical errors, discrepancies between an abstract and the actual judgment as orally pronounced are subject to correction at any time, and should be corrected by a reviewing

3

court when detected on appeal." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.)

In the present case, the parties have identified three clerical errors in the sentencing minute order and abstract of judgment that we shall order to be corrected.

First, defendant's sentence for aggravated mayhem is recorded incorrectly as a term of 25 years to life. As we have noted, at the resentencing hearing the court imposed a life sentence for the mayhem conviction, without specifying any term that defendant must serve before being eligible for parole. On appeal, defendant proposes that this recording error be corrected to specify that his punishment for mayhem is seven years to life, reasoning that seven years is the minimum time that must be served before a defendant serving a life sentence may become eligible for parole. (§ 3046, subd. (a)(1).) But defendant cites no record evidence for construing the court's oral pronouncement as a minimum life sentence. To the contrary, the court stated that it was imposing a sentence of life pursuant to section 205, which provides that aggravated mayhem is "punishable by imprisonment in the state prison for life with the possibility of parole." Thus defendant's sentence for aggravated mayhem should be recorded as life in prison with the possibility of parole.

Second, the minute order and abstract both state that defendant's sentence for the count four assault conviction and related enhancement are to run consecutively, whereas the resentencing court clearly stated that these are concurrent terms. Thus, the order and abstract must be corrected to reflect concurrent terms for the count four conviction and enhancement.

Third, the minute order states that defendant's "Total" sentence is 50 years to life , and the abstract of judgment records defendant's total sentence

4

as a determinate term of 25 years, 4 months, plus an indeterminate term of 25 years to life. However, as summarized above, the court imposed a total sentence of life in prison, plus 25 years to life in prison, plus an aggregate determinate sentence of 15 years and four months. The minute order and abstract must be corrected to accurately state these various components of defendant's sentence.

## II. Failure to Award Presentence Conduct Credits

At a resentencing hearing, the court is required to recalculate all actual time served. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 29; *People v. Dean* (2024) 99 Cal.App.5th 391, 396–397.) The award of custody credits should also include good conduct credits that were earned during custody jail time prior to imposition of the defendant's original sentence. (*Buckhalter*, at pp. 22–23, 29; *People v. Sek* (2022) 74 Cal.App.5th 657, 673.) However, the resentencing court must not include any additional conduct credits in the updated award because a separate statutory scheme administered by the Department of Corrections governs the calculation of conduct credits during postsentence imprisonment. (*Buckhalter*, at p. 29; *Dean*, at p. 396.)

In the present case, the resentencing court recalculated and awarded to defendant 1,384 days of custody credits for actual time served. However, this award does not include conduct credits that defendant earned prior to his original sentence, notwithstanding that the record shows defendant earned 66 days of presentence conduct credits. A "sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered." (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.) Thus, we shall order the abstract of judgment to be corrected to reflect that defendant is entitled to 66 days of conduct credits in addition to 1,384 days of credits for actual time served.

## DISPOSITION

This matter is remanded to the trial court to correct the clerical errors in the sentencing minute order and abstract of judgment that are delineated above, and to correct the award of custody credits to reflect that defendant is entitled to an additional 66 days of presentence conduct credits. The clerk of the superior court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation. The resentencing order is otherwise affirmed.

TUCHER, P. J.

WE CONCUR:

FUJISAKI, J.
PETROU, J.

*People v. Titus* (A171828)